IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

VINCENT SIMS,

  Petitioner,

vs.          No. 11-2946-STA-cgc

ROLAND COLSON, Warden, Riverbend
Maximum Security Institution,

  Respondent.

---

ORDER DENYING PETITIONER'S MOTION TO AUTHORIZE COUNSEL
TO REPRESENT PETITIONER IN STATE COURT

---

On March 9, 2012, Petitioner Vincent Sims submitted Petitioner's Motion to Reopen Administratively Closed Case and *Ex Parte* Motion to Authorize Counsel to Represent Petitioner in State Court Intellectual Disability Proceeding. The motion was filed <u>ex parte</u> and under seal and was not served on opposing counsel. On March 26, 2012, the Court entered an order directing the Clerk to file the <u>ex parte</u> motion and reopen the case and directing the Respondent to file a response. (Docket Entry ("D.E.") 16.) Petitioner's motion was filed in the record. (D.E. 17 & 18.) Petitioner seeks to pursue claims in state court that he is intellectually disabled under <u>Coleman v. State</u>, 341 S.W.3d 221 (Tenn. 2011), and that his death sentence is unconstitutional under <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002), and to have his federal

habeas counsel represent him in the state court proceedings.[1] (D.E. 18 at 1, 3-4.) On April 10, 2012, Respondent filed a response in opposition to Petitioner's motion asserting that Petitioner does not have a state court remedy to pursue an intellectual disability claim based on Coleman. (D.E. 20.)

In Harbison v. Bell, 556 U.S. 180, 194 (2009), the Supreme Court held that 18 U.S.C. § 3599 authorizes federally appointed counsel to represent a prisoner in state clemency proceedings. Section 3599(e) provides:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

The Supreme Court stated that subsection (e) authorizes counsel to represent a client in "'subsequent' stages of available judicial proceedings" recognizing that state post-conviction litigation sometimes follows the initiation of federal habeas proceedings. Harbison, 556 U.S. at 189-90. The Court stated that with regard to

---

[1] Petitioner's full scale intelligence quotient ("I.Q.") was 75, greater than the bright line statutory requirement to qualify as intellectually disabled under Tenn. Code Ann. § 39-13-203(a). Sims v. Colson, No. W2008-2823-CCA-R3-PD, 2011 WL 334285, at *34 (Tenn. Crim. App. Jan. 28, 2011). In Coleman, 341 S.W.3d at 247-48, the Tennessee Supreme Court held that evidence regarding a defendant's functional I.Q. is not limited to raw scores but may also include competent expert testimony that a test score does not accurately reflect functional I.Q. Petitioner now contends that in light of Coleman, he has a legitimate claim that he is intellectually disabled under Atkins and Tennessee law. (D.E. 18 at 3.)

"'other appropriate motions and procedures,' a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." Id. at 190 n.7.

In Irick v. Bell, 636 F.3d 289, 291-93 (6th Cir. 2011), the Sixth Circuit determined that a petitioner was not eligible for federally funded counsel under Section 3599 because he was entitled to counsel under Tennessee law for state court proceedings related to the determination of his competency-to-be-executed and to re-open post-conviction proceedings. See Hill v. Mitchell, No. 1:98-CV-452, 2009 WL 2898812, at *4 (S.D. Ohio. Sept. 4, 2009) ("*Harbison* does not contemplate the expansion of federal habeas counsel's representation of Petitioner for an *Atkins* hearing.") Petitioner has a statutory right under Tennessee law to appointed counsel in post-conviction proceedings. Irick, 636 F.3d at 292; see Tenn. Code Ann. § 40-30-206(a). The Sixth Circuit stated that the argument that federal habeas counsel are more familiar with the case or more qualified is of no import under § 3599 as long as Tennessee provides adequate representation. Irick, 636 F.3d at 292.[2] It is not necessary for the Court to determine the availability of a state court remedy to resolve this motion. In the event Petitioner is allowed to proceed with this claim in state court, Tennessee law provides for adequate representation.

---

[2] The Sixth Circuit notes that there is no barrier precluding a petitioner from seeking state funds for his federal habeas counsel to represent him in the state post-conviction proceedings. Id. at 293.

Petitioner's motion is DENIED.

IT IS SO ORDERED this 23rd day of March, 2012.

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE