IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

<table>
<tr><td>VINCENT SIMS,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Petitioner,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>vs.</td><td>)</td><td>No. 11-2946-STA-cgc</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>WAYNE CARPENTER, Warden, Riverbend</td><td>)</td><td></td></tr>
<tr><td>Maximum Security Institution,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Respondent.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION FOR ORDER DIRECTING THE STATE
TO FILE ADDITIONAL PORTIONS OF THE STATE COURT RECORD

On July 22, 2015, Petitioner Vincent Sims, through counsel and pursuant to Rules 5(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), filed a motion for an order directing the State to file additional portions of the state court record and a supporting memorandum. (*See* Electronic Case Filing ("ECF") Nos. 49 & 50.) Respondent Wayne Carpenter filed a reply in opposition to the motion on August 7, 2015. (ECF No. 51.)

On May 28, 2015, the Court directed Respondent to file:

> the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, and the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition.

(ECF No. 42 at 2.) The notice of filing was required to include "a comprehensive index

indicating the precise location of each distinct part of the record." (*Id.*)  On July 13, 2015, Respondent filed a Notice of Filing of the state court record in three parts with multiple attachments.  (*See* ECF Nos. 46-48.)

Petitioner asserts that the State omitted filing the following portions of the State court record:

A. the record for the Tennessee Supreme Court Tenn. R. App. P. 11 proceeding in the original post-conviction proceeding which includes (1) Mr. Sims's Application For Permission To Appeal; (2) the State's Answer Letter; and (3) the Tennessee Supreme Court's Order denying Mr. Sims's application;

B. the record for the Tennessee Supreme Court Tenn. R. App. P. 11 proceeding in a subsequent error coram nobis proceeding which includes (1) Mr. Sims's Application For Permission To Appeal; (2) the State's Answer Letter; and (3) the Tennessee Supreme Court's Order denying Mr. Sims's application;

C. the Tennessee Supreme Court's order denying Mr. Sims's Tenn. R. App. P. 11 application in the original motion to reopen proceeding;

D. the record for the subsequent motion to reopen proceeding, *Sims v. State*, No. P25898, that is currently pending in the Shelby County Criminal Court; and

E. the record for the prosecution of Mr. Sims's co-defendant, Brian Mitchell, which includes (1) documents filed in the trial court (indictments, motions, petitions, plea papers, court orders, judgments, etc.); (2) transcripts of any status conferences discussing the State's prosecution of Mitchell; (3) transcripts of any guilty plea hearing; (4) transcripts of any sentencing hearing; and (5) documents filed in, and transcripts of, any parole hearings.

(ECF No. 49 at 1-2.)[1]

Respondent argues that, where Petitioner requests the trial records of Brian Mitchell, he is essentially requesting discovery that is not appropriate under Habeas Rule 5.  (ECF No. 51 at 1-2.)  Respondent argues that Petitioner has not demonstrated good cause under Habeas Rule 6

---

[1] Petitioner consistently refers to "the State" being required to file the record in this case. The Court presumes that Petitioner is referring to Respondent, the state official who holds Petitioner in custody and the proper defendant in this habeas proceeding.  *See* Habeas Rule 2(a).

and only makes conclusory assertions that Mitchell's records are relevant to Petitioner's habeas claims. (*Id.* at 3.) Respondent submits that he is still reviewing Petitioner's pending state court actions in the processing of developing an answer, and any additional records relied upon in the answer will be filed with the Clerk of Court. (*Id.*)

On August 14, 2015, Respondent filed his answer to the Second Amended Petition. (ECF No. 52.) Respondent states that he has filed transcripts of Petitioner's trial proceedings and the evidentiary hearing from the state post-conviction proceedings. (*Id.* at 2.) Respondent asserts that "the state court proceedings of record pertinent to this petitioner have been transcribed and filed, or will be filed, by the respondent with the Clerk of this Court." (*Id.*) Respondent states that the parties' briefs and the opinions of the Tennessee appellate courts have been filed as attachments to Respondent's Notice of Filing. (*Id.* at 3.) Respondent does not otherwise address the issues raised in Petitioner's motion.

Habeas Rule 5 addresses a respondent's answer to a petition filed pursuant to 28 U.S.C. § 2254. Habeas Rule 5(c) requires that Respondent provide transcripts with his answer. Habeas Rule 5(d) requires that Respondent file the following documents with his answer:

> (1) any brief that the petitioner submitted in an appellate court contesting the conviction of sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>
> (2) any brief that the prosecution submitted in an appellate court relating to the conviction or the sentence; and
>
> (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

On May 28, 2015, the Court ordered Respondent to file a complete state court record including "the complete trial and appellate court record in connection with any state petition for collateral

relief."   (ECF No. 42 at 2.)

Respondent does not address Petitioner's assertions that the documents in Requests A through C have not been filed in his reply or his answer to the Second Amended Petition. Requests A through C fall within the category of information Respondent has been ordered to produce pursuant to this Court's order and Habeas Rule 5(d).   Requests A through C are GRANTED.

Request D addresses the record for the motion to reopen post-conviction proceedings that is currently pending in state court.   (ECF No. 50 at 3.)   In that motion, Petitioner argues that *Hall v. Florida*, 134 S. Ct. 1986 (2014), establishes a new constitutional right that deserves retrospective application.   (*Id.*)   He asserts that *Hall* entitles him to a hearing on his intellectual disability claim.   (*Id.* at 3 n.2.)

Petitioner has asserted intellectual disability in Claims 21 and 22 of his Second Amended Petition that are related to the pending motion to reopen post-conviction proceedings.   (ECF No. 45 at 87-90.)   Petitioner's *Atkins* claims, including an analysis under *Hall*, have been exhausted in state court.   *See Sims v. Tennessee*, No. W2014-00166-CCA-R3-PD, 2014 WL 7334202, at *3-6 (Tenn. Crim. App. Dec. 23, 2014), *perm. app. denied* (Tenn. May 18, 2015).   The record of Petitioner's state court proceedings on this motion, although related, is not necessary to this Court's determination of Petitioner's claim.   Respondent would be required to continually file documents in federal court as the state court proceedings progress.   The Court shall not, at this time, require Respondent to file the record in the pending state court motion to reopen post-conviction proceedings.[2]   Request D is DENIED.

---

[2] Petitioner should have access to these filings through his counsel.   Further, Petitioner

In Request E, Petitioner seeks the state court record related to his co-defendant Brian Mitchell. (ECF No. 50 at 4.) Petitioner argues that he and Brian Mitchell were part of the same criminal proceeding, and Petitioner is therefore entitled to the State court record regarding the state's prosecution of Mitchell and disposition of the charges. (*Id.*) In the habeas petition, Petitioner asserts that Mitchell had an agreement with the prosecution in exchange for his trial testimony and a false testimony claim involving Mitchell. (*Id.* at 5; *see* ECF No. 45 at 50-52, 67-73.) Petitioner contends that, in the post-conviction proceedings, the prosecutor testified that he would see if the victim's family approved of Mitchell's testimony and would recommend a disposition of the state charges if Mitchell testified against Petitioner. (ECF No. 50 at 5; *see* ECF No. 47-11 at PageID 3761-3762 ("after discussing those issues with the family members that we would make a recommendation to Mr. Anderson and Mr. Mitchell about a possible disposition of the charges against him").) The state court record as to Mitchell is related to Petitioner's case, but its production is not required by Habeas Rule 5 or the Court's May 28, 2015 order. Mitchell's purported false testimony is available to Petitioner as part of the trial transcript, and the prosecutor's purported admission that a promise was made in exchange for Mitchell's trial testimony is available to Petitioner as part of the state court record. Request E is DENIED.

Petitioner's motion is GRANTED as to the information described in Requests A through C. Respondent shall file this information, as directed by the Court in its May 28, 2015 order, no later than **September 14, 2015**.

Petitioner's motion is DENIED for the information sought in Requests D and E.

---

may obtain relevant information from the state court motion to reopen post-conviction proceedings under Habeas Rule 6 based on a showing of good cause.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S.THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 28, 2015