IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VINCENT SIMS, | |
| Petitioner, | |
| vs. | No. 2:11-cv-02946-JTF-cgc |
| TONY MAYS, Warden, Riverbend Maximum Security Institution, | |
| Respondent. | |

ORDER GRANTING MOTION TO STAY AND ABEY FEDERAL HABEAS PROCEEDINGS

Before the Court is the Motion to Stay and Abey Federal Habeas Proceedings filed by counsel for Petitioner Vincent Sims. (ECF No. 138.) Respondent has not filed a response to this motion, and the period for responding has expired.

Sims has filed a petition in Shelby County Criminal Court alleging an intellectual disability claim under *Atkins v. Virginia*, 536 U.S. 304 (2002), pursuant to a 2021 amendment to the Tennessee statute prohibiting execution of an intellectually disabled defendant. (ECF No. 138 at PageID 7765; *see* ECF No. 138-1 at PageID 7773-74, 7779-80.) He now asserts that that his *Atkins* claim is unexhausted because there is an available state court procedure to adjudicate his claim, and he seeks to stay and abey his federal habeas proceedings until resolution of the state court proceedings. (ECF No. 138 at PageID 7766, 7770.)[1]

---

[1] A review of the Shelby County Criminal Court docket establishes that these state court proceedings are still pending. *See* Shelby County Criminal Justice Portal, *State of Tennessee v.*

1

Tennessee law states that "no defendant with intellectual disability at the time of committing first degree murder shall be sentenced to death." *See* Tenn. Code Ann. § 39-13-203(b) (2021). In May 2021, the first prong of the Tennessee statute was changed to remove the language that significantly subaverage general intellectual functioning must be "evidenced by a functional intelligence quotient (I.Q.) of seventy (70) or below." *See* Tenn. Code Ann. § 39-13-203(a)(1) (2014). Under the amendment, a defendant has an "intellectual disability" when he has: "(1) [s]ignificantly subaverage general intellectual functioning; (2) [d]eficits in adaptive behavior; and (3) [t]he intellectual disability manifested during the developmental period or, by eighteen (18) years of age." Tenn. Code Ann. § 39-13-203(a)(1-3). The change in the statute allows a defendant, like Sims, who was sentenced to the death penalty before May 11, 2021, and whose conviction is final on direct review, to petition the trial court for a determination of intellectual disability if the claim has not previously been adjudicated on the merits. *See id.*, § 39-13-203(g)(1) & (2). Sims has petitioned the trial court for such a determination.

Sims asserts that he has an unexhausted intellectual disability claim before this Court and that his federal habeas petition is "newly 'mixed'" due to the new avenue for addressing his intellectual disability claim in state court. (*Id.* at PageID 7766.) He argues that he has good cause for failure to exhaust this claim because he previously had no ability to bring the claim in state court. (*Id.* at PageID 7767.) Sims contends that the claim is potentially meritorious because, based on expert opinions, he presents a colorable claim of intellectual disability and that he has been diligent in pursuing the claim because he filed his state court motion in a timely fashion following

---

*Vincent Sims*, No. P 25898-01654261, https://cjs.shelbycountytn.gov/CJS/ (last accessed Aug. 3, 2023).

the recent change in the Tennessee law.  (*Id.* at PageID 7669.)

Sims requests that the Court exercise its discretion to stay the case and hold it in abeyance to enable him to exhaust his claim that the State of Tennessee has no authority to execute him because he is intellectually disabled.  (*Id.* at PageID 7770.)  He contends that a stay is consistent with *Rhines* and promotes the efficient and economic administration of justice.  (*Id.* at PageID 7767-68, 7770.)

**LEGAL STANDARD**

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts.  28 U.S.C. § 2254(b) & (c).  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  In *Rose v. Lundy*, 455 U.S. 509, 510 (1982), the Supreme Court held that a district court must dismiss a "mixed" § 2254 petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."  Subsequently, in *Rhines v. Weber*, 544 U.S. 269, 276 (2005), the Supreme Court held that a district court has discretion to stay a mixed habeas petition to allow the prisoner to exhaust his unexhausted claims.  The Supreme Court has made clear that stay and abeyance are appropriate only in limited circumstances "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts [before filing his federal habeas petition]."  *Id.* at 277.  "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.*

3

**ANALYSIS**

Sims alleged a claim that he was ineligible for the death penalty because he is intellectually disabled, formerly referred to as mental retardation. (ECF No. 24 at PageID 174, 196-97.) He further alleged that the Tennessee mental retardation statute, at the time, excluded him unfairly from protection. (*Id.* at PageID 198-99.)

In 2012, this Court stayed the federal habeas petition to allow Sims to pursue his intellectual disability claim in state court. (*See* ECF No. 29.) The Court lifted the stay in 2015, after the Tennessee Supreme Court denied Sims permission to appeal the decision on the motion to reopen post-conviction proceedings concerning his intellectual disability claim. (*See* ECF No. 42 at PageID 424.) Sims then filed a Second Amended Petition for Writ of Habeas Corpus and again alleged that he was intellectually disabled and that Tennessee mental retardation statute failed to protect him. (ECF No. 45 at PageID 517-20.)

Sims now has the ability based on the Tennessee amendment to the intellectual disability statute to exhaust his intellectual disability claim. The intellectual disability determination is crucial to the resolution of the federal habeas petition, especially since the Court in *Atkins*, "leave[s] to the State[s] the task of developing appropriate ways to enforce the constitutional restriction upon [their] execution of sentences." *Atkins*, 536 U.S. at 317, quoting *Ford v. Wainwright*, 477 U.S. 399, 405, 416–17 (1986). Further, in the interest of comity, exhaustion affords the state court "an initial opportunity to pass upon and correct alleged violations of prisoner federal rights." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022).

Pursuant to *Rhines* and for good cause, the Motion to Stay and Abey Federal Habeas Proceedings is GRANTED. Petitioner is ORDERED to notify the Court within thirty (30) days of the state court's resolution of the petition filed under Tenn. Code Ann. § 39-13-203(g).

IT IS SO ORDERED this 17th day of August, 2023.

                                                   s/*John T. Fowlkes, Jr.*
                                                   JOHN T. FOWLKES, JR.
                                                   UNITED STATES DISTRICT JUDGE